PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v.
EPIFANIO TORRES, Defendant and Appellant.

No. 6260.   Argued December 9, 1936.—Decided December 11, 1936.

*Negrón López & Negrón López* for appellant.   *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

Epifanio Torres was accused and found guilty of having violated the first Section of the Act prohibiting the carrying of weapons.   It is stated in the complaint that such defendant, unlawfully and wilfully carried and bore a knife, such knife being a weapon with which corporal injury can be inflicted.

Two errors are assigned, which may be condensed into one: insufficiency of the evidence to sustain the conviction.

In the opinion of the defendant, if the carrying of a weapon was shown, it was shown that the weapon was a pocket knife and not an ordinary knife.   It is contended that there is a conflict in the evidence for The People, because two of the witnesses for The People, insular policemen, testified that the defendant had admitted that he was carrying a pocket knife, and two other witnesses had testified that he was carrying a knife.

Defendant adds that in this case the weapon was not seized and that consequently the evidence ought to be strong, citing the case of *People* v. *Cartagena,* 37 P.R.R. 261, where it was said that when the weapon is not seized or offered in evidence, the proof of its existence must be clear and convincing.

Esteban Pratts, an insular policeman, testified that the defendant told him that he was carrying a pocket knife. Jesús María Malavé, also an insular policeman, says that the defendant told him that he was carrying a folding knife. Ramón Andino testifies that the defendant had a knife in his hand which "stuck out quite far, about five inches." When he was asked if he was sure that it was a knife, he answered that he said knife because in the twilight he could not tell whether it was long or not and the defendant was threatening him. Before the offense was committed, he saw no weapon on the defendant. Afterward, "I saw a knife like this, then he closed his hand and it stuck out quite a bit." Marcelo Cruz says that he saw the defendant when he struck at Pedro Yubién with a knife on the right side; that Yubién died a little later and that he does not know whether the weapon was taken from the defendant or not; that this happened about seven thirty or eight in the evening; that he saw the knife, a weapon, a blade of steel protruding from the defendant's hand. This is, briefly, the evidence offered by The People.

The witnesses for the defendant testify that they saw no weapon whatever at the scene of events and do not know who inflicted the wound which caused the death of Pedro Yubién. The defendant lays stress upon the testimony of the two policemen, who, as we have said, testify that the defendant said that he was carrying a pocket knife. There is no doubt whatever that Epifanio Torres was carrying a weapon. The sole question for our decision is whether it was a folding knife or an ordinary knife. The witness Marcelino Cruz testifies categorically that the defendant was

carrying a knife, a blade of steel that protruded from his hand. Ramón Andino also tells us that the defendant was carrying a knife.

This court has stated, in *People* v. *González,* 36 P.R.R. 46, and in *People* v. *Cruz,* 36 P.R.R. 84, that when a defendant is charged with carrying a knife, it is not necessary to aver the length of such weapon, since "it is not a case of a penknife or a pocket folding knife . . . but of a knife which, according to the dictionary, is a 'steel instrument with an edge and having a handle of steel, wood or any substance,' and not usually carried about" on the person.

It is obvious that it is unnecessary to allege in an information the size of a weapon, where a knife is involved, nor is The People bound to present evidence as to questions which are matters of defense.

The court below believed the witnesses for The People. In accordance with that evidence, believed by the court, the defendant admitted that he was carrying a folding pocket knife; but he did not deliver it to the police to show that he was telling the truth. On the contrary, the weapon disappeared from his hands, and it was impossible to find out where it went. The policeman, Esteban Pratts filed a complaint before the prosecuting attorney against Epifanio Torres for carrying a knife. It cannot be said that there is a variance between the evidence for The People, the complaint and the information prepared by the prosecuting attorney thereon, because there are two witnesses to the effect that the defendant was carrying a knife, while neither of the policemen deny the truth of their statements, but limit themselves to placing the admission of the defendant before the court. It is not strange that the court took into consideration the admission of the defendant that he was carrying a folding pocket knife, without showing the weapon, which he could have done to show beyond all doubt the truth of his statement. Furthermore, there is another factor which the court below could have taken into account; that

is, the natural interest of the defendant in his own case. Since it has not been shown that the trial court was moved by bias, prejudice or partiality, or that it committed manifest error in weighing the evidence, we believe that the judgment appealed from should be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.